# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DAY,<br><br>Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL** |

Before the Court is Plaintiff's unopposed motion to appoint Nichols Kaster, PLLP ("Nichols Kaster"), Stephan Zouras, LLP ("Stephan Zouras"), and The Sequoia Law Firm ("Sequoia Law") as interim class counsel in this COVID-19 related auto insurance dispute. *See* Mot., ECF 24. For the following reasons, the Court GRANTS this unopposed motion.

"Pursuant to Rule 23(g)(3), the court may designate interim counsel to act on behalf of a putative class before determining whether to certify a class." *In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at *2 (N.D. Cal. June 21, 2016). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, courts typically look to the factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2. These factors are:

> (1) the work counsel has done in identifying or investigating potential claims in the action;
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (3) counsel's knowledge of the applicable law; and
> (4) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). The court may also consider "any other matter pertinent to counsel's

ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The appointment of interim class counsel is discretionary and particularly suited to complex actions. *In re Seagate Tech. LLC Litig.*, 2016 WL 3401989, at *2.

Here, the proposed interim class counsel have sufficiently demonstrated that they have dedicated substantial resources to pursuing this case, have extensive experience litigating complex class actions, are knowledgeable about the applicable law, and have the necessary resources to represent the class. For these reasons, the motion is GRANTED.

**IT IS SO ORDERED.**

Dated: July 15, 2021

_____
BETH LABSON FREEMAN
United States District Judge