Damon N. Vocke (admitted *pro hac vice*)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
dnvocke@duanemorris.com

Daniel B. Heidtke (SBN 302450)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: +1 213 689 7421

Attorneys for GEICO Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>Defendants. | Case No.: 5:21-cv-02103<br><br>**GEICO'S NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company, by their attorneys, respectfully request leave of Court to submit this Notice of Supplemental Authority relevant to GEICO's pending Motion to Dismiss Plaintiff's Complaint.

An order of dismissal in *Grossman v. GEICO Casualty Co.*, 1:21-cv-02799-VM (S.D.N.Y. September 13, 2021), was entered yesterday. It is attached hereto as Exhibit A. On Rule 12(b)(6), the Hon. Victor Marrero dismissed virtually the same claims on virtually the same allegations against GEICO. The Court applied the filed-rate doctrine, and also found no misrepresentation as a matter of law.

DATED September 15, 2021

                                                                                                      */s/ Daniel B. Heidtke*
                                                                                                      Damon N. Vocke
                                                                                                      Daniel B. Heidtke (SBN 302450)
                                                                                                      DUANE MORRIS LLP
                                                                                                      Attorneys for Defendants

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/2021

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
TODD GROSSMAN and MUJO PEREZIC,     :
                                    :
                Plaintiffs,         :
                                    :   21 Civ. 2799 (VM)
    - against -                     :
                                    :
GEICO CASUALTY CO., et al.,         :
                                    :   DECISION AND ORDER
                                    :
                Defendants.         :
-----------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Plaintiffs Todd Grossman and Mujo Perezic (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this action against Geico Casualty Co., Geico Indemnity Co., and Geico General Insurance, Co. (collectively, "Geico"), alleging breach of contract, unjust enrichment, and violations of New York General Business Law ("NY GBL") §§ 349 and 350 stemming from Geico's alleged unfair profiting as a result of the COVID-19 pandemic. (See "Complaint," Dkt No. 1.)

Now before the Court is Geico's premotion letter for dismissal of the Complaint, which the Court construes as a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").[1] (See "Motion,"

---

[1] See Kapitalforeningen Lægernes Invest. v. United Techs. Corp., 779 F. App'x 69, 70 (2d Cir. 2019) (affirming the district court's ruling deeming an exchange of letters as a motion to dismiss).

1

Dkt. No. 23.) After consideration of the parties' correspondence as set forth below, the Motion is GRANTED.

## I. BACKGROUND

A. FACTUAL BACKGROUND[2]

Plaintiffs -- Geico auto-insurance policy holders -- allege that in response to the COVID-19 pandemic, and due to the associated stay-at-home orders instituted in New York and other states, the number of miles driven by the general public decreased dramatically after mid-March 2020. As a result of the decrease in the number of miles driven, automobile accidents decreased dramatically. For example, in June 2019 there were 19,356 car accidents, while in June 2020 there were only 7,456 car accidents.

Plaintiffs allege that due to this dramatic decrease in automobile accidents, the premiums charged by auto-insurance companies over this period were "unconscionably excessive." (Complaint ¶ 23.) Auto-insurance rates are intended to cover the claims and expenses that insurance companies expect to occur in the future (i.e., the rates are prospective). Thus,

---

[2] The factual background below, except as otherwise noted, derives from the Complaint and the facts pleaded therein, which the Court accepts as true for the purposes of ruling on a motion to dismiss. See Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 180 (2d Cir. 2008) (citing GICC Capital Corp. v. Tech. Fin. Grp., Inc., 67 F.3d 463, 465 (2d Cir. 1995)); see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). Except when specifically quoted, no further citation will be made to the Complaint.

when the claims and expenses dropped in 2020 because individuals drove significantly less, Geico realized a "substantial windfall in profits." (Id. ¶ 24.)

Plaintiffs allege that Geico was aware of the excessive premiums it charged and, as a result, announced the "Geico Giveback" program. In its promotional materials, Geico acknowledged its increased savings in costs and expenses and advertised that it was "passing these savings" on to the consumers. (See Complaint ¶ 30.) To do so, the Geico Giveback program offered a 15% credit to new customers and existing customers who renewed their policies during the applicable time period. The rate charged by Geico, when factoring in the 15% credit, was approved by the New York Department of Financial Services ("NYDFS"), as are all insurance rates under New York law. (See Dkt. No. 23-3.) Nonetheless, Plaintiffs argue that the Geico Giveback program is inadequate to compensate consumers for the excessive premiums charged.

B.  PROCEDURAL BACKGROUND

On April 1, 2021, Plaintiffs filed the present suit against Geico, bringing claims of breach of contract, unjust enrichment, and violations of NY GBL §§ 349 and 350. (See Dkt. No. 1.) Pursuant to the Court's Individual Practices, Geico notified Plaintiffs of its intention to move to dismiss

3

the Complaint based on alleged deficiencies contained therein by letter dated Jun 21, 2021. (See Dkt. No. 23-1). Plaintiffs responded by letter dated June 28, 2021. (See Dkt. No. 23-2.) Defendants replied by letter dated June 29, 2021. (See Dkt. No. 23-3.) On July 12, 2021, Defendants moved the Court for a premotion conference to obtain guidance on its anticipated motion to dismiss, and the Court now treats this motion as a motion to dismiss under Rule 12(b)(6). (See Motion.)

C.   THE PARTIES' ARGUMENTS

Geico argues that (1) this action should be dismissed under the filed-rate doctrine, which precludes judicial review of insurance rates approved by the New York Department of Financial Services ("NYDFS"); (2) the claim for breach of contract should be dismissed because no contractual term was breached; (3) the unjust-enrichment claim should be dismissed, as the parties' relationship is governed by contract; and (4) the NY GBL claims should be dismissed because no reasonable consumer would be misled by Geico's promotional materials that offered 15% savings.

Plaintiffs respond that (1) its claims do not implicate the filed-rate doctrine because they are premised on what Geico advertised rather than the reasonableness of the rate; (2) they have adequately pled the breach-of-contract claim

because abiding by the contract is inconsistent with Geico's filed-rate defense; (3) the unjust-enrichment claim survives because there are open questions regarding the alleged contract; and (4) the NY GBL claims survive because Geico's advertisements were false or misleading.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint should be dismissed if the plaintiff has not offered factual allegations sufficient to render the claims facially plausible. See id. However, a court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently "raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

In resolving a motion to dismiss, the Court's task is "to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." In re Initial Pub. Offering Sec. Litig.,

5

383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005) (internal quotation marks omitted), aff'd sub nom. Tenney v. Credit Suisse First Bos. Corp., No. 05 Civ. 3430, 2006 WL 1423785 (2d Cir. May 19, 2006). In this context, the Court must draw reasonable inferences in favor of the nonmoving party. See Chambers v. TimeWarner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, the requirement that a court accept the factual allegations in the complaint as true does not extend to legal conclusions. See Iqbal, 556 U.S. at 678.

### III. DISCUSSION

After reviewing the parties' submissions, the Court GRANTS the Motion. The Court is persuaded that Plaintiff's claims are barred by the filed-rate doctrine.

A. FILED-RATE DOCTRINE

Under the filed-rate doctrine "any 'filed rate'—that is, one approved by the governing regulatory agency—is per se reasonable and unassailable in judicial proceedings brought by ratepayers." Wegoland Ltd. v. NYNEX Corp., 27 F.3d 17, 18 (2d Cir. 1994). "[The filed-rate doctrine] is undeniably strict, and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination." Louisville & Nashville R.R. Co. v. Maxwell, 237 U.S. 94, 97 (1915).

"The doctrine is grounded on two rationales: first, that courts should not 'undermine[ ] agency rate-making authority' by upsetting approved rates (the principle of 'nonjusticiability'); and, second, that litigation should not become a means for certain ratepayers to obtain preferential rates (the principle of 'nondiscrimination')." Rothstein v. Balboa Ins. Co. 794 F.3d 256, 261 (2d Cir. 2015) (quoting Marcus v. AT&T Corp., 138 F.3d 46, 58, 61 (2d Cir. 1998)). The doctrine is expansive, reaching "both federal and state causes of action and protects rates approved by federal or state regulators." Id. Further, the doctrine's "application does not 'depend on the nature of the cause of action the plaintiff seeks to bring' or 'the culpability of the defendant's conduct or the possibility of inequitable results." Id. (quoting Marcus, 138 F.3d at 58). Thus, no matter how the claim is styled, if either of the nonjusticiability or nondiscrimination principles is implicated, the action is barred.

Here, there is no dispute that Geico's insurance rates were filed with NYDFS and that Plaintiffs were charged that same rate. And, because the Court concludes this action implicates the nonjusticiability principle, the Court will dismiss this action.

7

The nonjusticiability principle embodies the understanding that regulators "employ their peculiar expertise to consider the whole picture regarding the reasonableness of a proposed rate," which renders courts "simply ill-suited" to decide whether a rate is appropriate. Wegoland, 27 F.3d at 21. The principle "prevents more than judicial rate-setting; it precludes any judicial action which undermines agency rate-making authority." Marcus, 138 F.3d at 61. "Thus, a claim may be barred even if it can be characterized as challenging something other than the rate itself." Rothstein, 794 F.3d at 262; see also Fax Telecommunicaciones Inc. v. AT&T Corp., 138 F.3d 479, 489 (2d Cir. 1998); Wegoland, 27 F.3d at 21.

Plaintiffs attempt to circumvent the nonjusticiability principle by arguing that their challenge is not to the reasonableness of the filed rate, but rather to "what [Geico] advertised about rebates provided to consumers." (See Dkt. No. 21, at 2.) But fundamental to Plaintiffs' argument as to Geico's advertisements is the premise that Plaintiffs were misled into paying "excessive and inflated premiums." (See Complaint ¶ 87.) More specifically, Plaintiffs' own Complaint bases Plaintiffs' damages on Geico's "charging and failure to fully refund excessive auto insurance premiums." (Id. at ¶ 89.) But these rates are only allegedly "excessive" in

8

retrospect, and the fact that these rates were approved by NYDFS renders them "per se reasonable and unassailable." Rothstein, 794 F.3d at 261. Although Plaintiffs may believe that NYDFS would have come to a different decision on Geico's rates had it understood how the COVID-19 pandemic would affect driving, "the award of a retroactive rate [adjustment] based on speculation about what the [regulator] might have done had it been faced with the facts of this case . . . is precisely what the filed rate doctrine forbids." Ark. La. Gas Co. v. Hall, 453 U.S. 571, 578-79 (1981); see also Rothstein, 794 F.3d at 263; Wegoland, 27 F.3d at 21. Accordingly, whether couched as a claim for breach of contract, unjust enrichment, or violation of NY GBL Sections 349 or 350, the suit implicates the principle of nonjusticiability and is therefore barred under the filed-rate doctrine.

The Court notes that it is at least possible that liability could still attach under NY GBL Sections 349 or 350 if GEICO "affirmatively misrepresented to consumers as a whole what its rates are." Marcus, 138 F.3d at 65. However, to the extent Plaintiffs make this argument, the Court is not persuaded that the Complaint adequately pleads such misrepresentation. Geico's advertisements offered a 15% reduction in premiums for consumers that were renewing certain policies. That 15% reduced rate is exactly what

Plaintiffs alleged Geico charged. The fact that this 15% premium reduction did not match the amount saved by Geico due to the dramatic decrease in driving caused by the COVID-19 pandemic, or that it was not applied across the board to all consumers who had an existing policy with GEICO, does not render the advertising misleading. Plaintiffs were fully aware of the charged rate, that rate was approved by NYDFS, and Plaintiffs were free to accept Geico's offer or seek an alternative provider in the insurance marketplace. Therefore, Plaintiffs have no claim under NY GBL Sections 349 and 350.

## IV. ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion so deemed by the Court as filed by defendants Geico Casualty Co., Geico Indemnity Co., and Geico General Insurance, Co. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. No. 23) to dismiss the complaint of plaintiffs Todd Grossman and Mujo Perezic (see Dkt. No. 1) is **GRANTED**.

The Court respectfully requests the Clerk of Court dismiss all pending motions and close this case.

**SO ORDERED.**

Dated: New York, New York
      13 September 2021

_____
Victor Marrero
U.S.D.J.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 15, 2021, he caused the foregoing document to be electronically filed with the Court using the CM/ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                     */s/ Daniel B. Heidtke*
                                     Daniel B. Heidtke