UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DAY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 69] |

In this case, Plaintiff Jessica Day challenges a premium credit program run by Defendants GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company ("GEICO"). GEICO announced the "GEICO Giveback" program, which provided a 15% discount on new and renewed insurance policies, at the beginning of the COVID-19 pandemic in April 2020. Day alleges that GEICO misrepresented that the program was passing on GEICO's savings during the pandemic (as a result of fewer claims) and withheld information about the true amount of that savings. The Court previously granted in part and denied in part GEICO's motion to dismiss the claims in Day's original complaint. *Day v. GEICO Cas. Co.*, --- F. Supp. 3d ----, 2022 WL 179687 (N.D. Cal. Jan. 20, 2022). Now before the Court is GEICO's motion to dismiss the breach of contract claim in the First Amended Complaint. ECF No. 69 ("MTD"); *see also* ECF No. 71 ("Reply"). Day opposes the motion. ECF No. 70 ("Opp"). For the reasons stated below and on the record at the June 2, 2022 hearing, the Court GRANTS the motion to dismiss the breach of contract claim WITHOUT LEAVE TO AMEND.

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

In its motion, GEICO seeks to dismiss Day's breach of contract claim, which is based on a breach of the implied covenant of good faith and fair dealing. *See* ECF No. 68 ("FAC") ¶¶ 53–61. GEICO argues that the Day's claim now hinges on GEICO's alleged "discretion to make voluntary downward premium adjustments based on an insured's changed circumstances," FAC ¶¶ 55–56, but that no particular term in the insurance policy confers that discretion. MTD at 1–8. Because the implied covenant of good faith and fair dealing can't modify or enlarge the terms of a contract, GEICO argues the claim must fail. *Id.* Day argues that the Court's previous order left open this exact theory: that GEICO has inherent discretion to adjust her premium downwards and that it must do so within the requirements of the covenant of good faith and fair dealing when it does so. Opp. at 3–8. The Court agrees with GEICO.

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (2000). It requires each party to "do everything the contract presupposes [that party] will do to

2

accomplish [the contract's] purpose." *Pasadena Live v. City of Pasadena*, 114 Cal. App. 4th 1089, 1093 (2004). But the implied covenant can neither "substantively *alter* [the] terms [of the contract]" nor "impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Guz*, 24 Cal. 4th at 327. The covenant is thus "limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live*, 114 Cal. App. 4th at 1094. Day's claim for breach of the covenant of good faith and fair dealing must tie GEICO's alleged discretionary power to a specific contractual provision. In the initial complaint, Day pointed to the "Changes" provision, but the Court rejected that theory of liability in the previous order. *See Day*, 2022 WL 179687, at *6. The amended complaint presents a free-floating good faith obligation untethered to any contractual obligation. That makes this claim unlike the breach of contract claim in *Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 485–86 (N.D. Cal. 2021)—a case the Court found persuasive in its previous order—because in that case there was "a dispute about whether certain provisions of the [p]olicies necessarily allow[ed]" those types of downward departures in State Farm's policy. Without a specific contractual provision to tie GEICO's alleged discretionary power here, Day has not adequately stated a claim for a breach of the implied covenant.

Day's strongest case is *Leghorn v. Wells Fargo Bank, N.A.*, 950 F. Supp. 2d 1093 (N.D. Cal. 2013), which the Court cited in its previous order, but that case does not allow her claim to go forward either. In that case, Wells Fargo possessed contractually-specified discretion to force-place flood insurance, and plaintiff alleged that Wells Fargo abused that discretion in violation of the covenant of good faith and fair dealing by purchasing backdated policies, charging borrowers for expired or partially expired coverage, and arranging for "kickbacks" or "commissions" for itself in connection with the force-placed insurance. *Id.* at 1096–97. The plaintiff's breach of contract claim was thus tied to specific contractual powers which were allegedly exercised in violation of the covenant of good faith and fair dealing. That is not the case here, where Day points to no such provision in her insurance policy granting GEICO that power.

As GEICO says, there are good reasons to require Day to tie GEICO's alleged inherent

3

discretion to a specific contractual provision. To allow a party to plead a breach of contract claim based on a violation of the covenant of good faith and fair dealing untethered from a specific contractual provision would undermine the certainty a contract provides, especially in light of later changed circumstances favorable to one party over the other. If an insured could claim that generic economic or environmental circumstances had changed and force a reduction in their insurance premium, then insurance companies could not with any certainty establish insurance rates within the marketplace. Indeed, if Day's theory worked, GEICO too would have the inherent discretion to *increase* her rate in the face of more challenging economic or environmental circumstances for the company. Without a specific contractual provision authorizing this practice, the implied covenant of good faith and fair dealing cannot impose such a duty by itself.

Day's breach of contract claim will thus be dismissed. Leave to amend is not warranted. The Court in its previous order rejected Day's reliance on a specific contractual provision as a hook for her breach of contract claim, and she has identified no other provision supporting that claim in her First Amended Complaint. Leave to amend on this claim would thus be futile.

Finally, GEICO appears to urge the Court to reconsider its previous ruling that the dispute in this case does not fall within the exclusive jurisdiction of the insurance commissioner. MTD at 9–14. GEICO makes arguments regarding the Insurance Commissioner, the Court of Appeal's decision in *State Farm Gen. Ins. Co. v. Lara*, 71 Cal. App. 5th 148, 188–194 (2021), and a recent Second Circuit decision rejecting claims made against GEICO's Giveback program. *See Grossman v. GEICO Cas. Co.*, 2022 WL 1656593 (2d Cir. May 25, 2022) (unpublished). The Court will not reconsider its previous ruling at this juncture. Some of these arguments may be relevant to Day's pending motion for class certification, ECF No. 78, but that is not ripe for adjudication and the Court will not prejudge any arguments about that motion.

/ / /
/ / /
/ / /
/ / /
/ / /

For the foregoing reasons, GEICO's partial motion to dismiss the First Amended Complaint is GRANTED. Plaintiff's breach of contact claim is DISMISSED WITH PREJUDICE. The Court previously dismissed Day's unjust enrichment claim with prejudice. *Day*, 2022 WL 179687, at *13. Day's UCL claim will proceed. *See id.* GEICO SHALL answer the complaint **within 30 days of this Order**.

**IT IS SO ORDERED.**

Dated: June 14, 2022

_____
BETH LABSON FREEMAN
United States District Judge

5