Damon N. Vocke (admitted *pro hac vice*)
**DUANE MORRIS LLP**
1540 Broadway
New York, NY 10036-4086
Telephone: +1 212 692 1000
dnvocke@duanemorris.com

Ronald M. Lepinskas (admitted *pro hac vice*)
**DUANE MORRIS LLP**
190 S. LaSalle Street, Suite 3700
Chicago, IL 60603
Telephone: +1 312 499 6700
rmlepinskas@duanemorris.com

Daniel B. Heidtke (SBN 302450)
**DUANE MORRIS LLP**
865 South Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: +1 213 689 7421

*Attorneys for GEICO Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GEICO CASUALTY COMPANY, et al., <br><br> Defendants. | Case No.: 5:21-cv-02103 <br><br> **GEICO'S (CORRECTED) ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT** |

Defendants GEICO CASUALTY COMPANY, GEICO INDEMNITY COMPANY, and GEICO GENERAL INSURANCE COMPANY (collectively, "GEICO"), by its undersigned attorneys, for its Answer to the Amended Class Action Complaint and Affirmative Defenses, states as follows:

## PRELIMINARY STATEMENT

1.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 1 of the complaint and, on that basis, denies those allegations.

2.   Various states' "lock-down" orders speak for themselves.  To the extent that Paragraph

2 differs from their text, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 2 of the complaint and, on that basis, denies those allegations.

3.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 3 of the complaint and, on that basis, denies those allegations.

4.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 4 of the complaint and, on that basis, denies those allegations.

5.     The allegations and relief sought by Plaintiffs in the Complaint speak for themselves. To the extent that Paragraph 5 differs, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 5 of the complaint and, on that basis, denies those allegations.

## JURISDICTION

6.     The allegations in Paragraph 6 offer a legal conclusion to which no response is required.

## VENUE

7.     The allegations in Paragraph 7 offer a legal conclusion to which no response is required.

## INTRADISTRICT ASSIGNMENT

8.     The allegations in Paragraph 7 offer a legal conclusion to which no response is required.

## PARTIES

**Defendants**

9.     GEICO admits that it is headquartered in Maryland, but denies that it is organized there. The three GEICO companies at issue re-domiciled to Nebraska.  GEICO admits that Todd Combs holds the role of chief executive of GEICO.

10.     GEICO admits the first sentence of Paragraph 10.  The terms of GEICO's policy with Plaintiff speaks for itself.

11.     The allegations in Paragraph 11 are vague as to the meaning of "market insurance" and therefore GEICO denies these allegations except to admit that marketing is conducted in a variety of ways, including but not limited to the use of the name "GEICO" and the name "GEICO" in conjunction with specific GEICO companies. GEICO denies the remaining allegations.

12.     GEICO Casualty admits that it issued a policy to Plaintiff.  Except as specifically

admitted herein, GEICO denies the allegations of Paragraph 12.

13. GEICO admits the allegations in the first sentence of Paragraph 13. The terms of the Giveback Program speak for themselves, and to the extent that they differ from the remaining sentences in Paragraph 13, GEICO denies those allegations. Likewise, the terms of GEICO's filings with the California Department of Insurance speak for themselves, and to the extent that they differ from the remaining sentences in Paragraph 13, GEICO denies those allegations as well. GEICO admits that it applied the Giveback to all eligible California policyholders eligible for the GEICO Giveback, but denies in having engaged in any unfair practices.

14. GEICO admits that Plaintiff purports to have resided in Salinas, California, and that Plaintiff has been a policyholder of GEICO Casualty over the past two years. GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations the remaining allegations in Paragraph 5 of the complaint and, on that basis, denies those allegations.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

15. GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 15 of the complaint and, on that basis, denies those allegations.

16. GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 16 of the complaint and, on that basis, denies those allegations.

17. The terms of the "lock-down" orders in California speak for themselves. To the extent that Paragraph 17 differs from these terms, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 17 of the complaint and, on that basis, denies those allegations.

18. The terms of the "lock-down" orders in California speak for themselves. To the extent that Paragraph 18 differs from these terms, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 18 of the complaint and, on that basis, denies those allegations.

19. The terms of the "lock-down" orders in California speak for themselves. To the extent that Paragraph 19 differs from these terms, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 19 of the complaint and, on that basis, denies

those allegations.

20.     The terms of the "lock-down" orders in California speak for themselves.  To the extent that Paragraph 20 differs from these terms, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 20 of the complaint and, on that basis, denies those allegations.

21.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 21 of the complaint and, on that basis, denies those allegations. GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 5 of the complaint and, on that basis, denies those allegations.

22.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 22 of the complaint and, on that basis, denies those allegations.

23.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 23 of the complaint and, on that basis, denies those allegations.

24.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 24 of the complaint and, on that basis, denies those allegations.

25.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 25 of the complaint and, on that basis, denies those allegations.

26.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 26 of the complaint and, on that basis, denies those allegations.

27.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 27 of the complaint and, on that basis, denies those allegations.

28.     The terms of GEICO's Giveback Program were set forth on GEICO's website and in regulatory filings, and speak for themselves.  To the extent that the allegations in Paragraph 28 differ from them, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 28 of the complaint and, on that basis, denies those allegations.

29.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 29 of the complaint and, on that basis, denies those allegations.

30.     GEICO denies the allegations in the first and third sentences.  The terms of GEICO's

4

Giveback Program were set forth on GEICO's website and in regulatory filings, and speak for themselves.   To the extent that the allegations in Paragraph 30 differ from them, GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 30 of the complaint and, on that basis, denies those allegations.

31.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 31 of the complaint and, on that basis, denies those allegations.

32.   GEICO admits the allegations in Paragraph 32.

33.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 33 of the complaint and, on that basis, denies those allegations.

34.   The terms of GEICO's policy with Plaintiff speak for themselves, and thus no answer requiring a legal conclusion is necessary for Paragraph 34 of the complaint.

35.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 35 of the complaint and, on that basis, denies those allegations.

36.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 36 of the complaint and, on that basis, denies those allegations.

37.   Paragraph 37 offers legal conclusions, to which no response is required.

38.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 38 of the complaint and, on that basis, denies those allegations.

39.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 39 of the complaint and, on that basis, denies those allegations.

40.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 40 of the complaint and, on that basis, denies those allegations.

41.   GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 41 of the complaint and, on that basis, denies those allegations.

## CLASS ACTION ALLEGATIONS

42.   Plaintiffs' purported relief sought speaks for itself.  GEICO denies that it is appropriate.

43.   Plaintiffs' purported class definition sought speaks for itself.  GEICO denies that it is appropriate.

44.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 45 of the complaint and, on that basis, denies those allegations.

45.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 46 of the complaint and, on that basis, denies those allegations.

46.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 47 of the complaint and, on that basis, denies those allegations.

47.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 48 of the complaint and, on that basis, denies those allegations.

48.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 49 of the complaint and, on that basis, denies those allegations.

49.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 50 of the complaint and, on that basis, denies those allegations.

50.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 51 of the complaint and, on that basis, denies those allegations.

51.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 52 of the complaint and, on that basis, denies those allegations.

## CAUSES OF ACTION

## COUNT I

**Breach of Contract - Violation of the Covenant of Good Faith and Fair Dealing**

**(On Behalf of Plaintiff and the Putative Class)**

52.     GEICO re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.     The allegations in Paragraph 54 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

54.     The allegations in Paragraph 55 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

55.     The allegations in Paragraph 56 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

56.     The allegations in Paragraph 57 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

57.     The allegations in Paragraph 58 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

58.     The allegations in Paragraph 59 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

59.     The allegations in Paragraph 60 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

60.     The allegations in Paragraph 61 relate to Count I of the First Amended Complaint, which the Court dismissed with prejudice on June 14, 2022 (ECF No. 87).  No response is required.

## COUNT II

### Unjust Enrichment/Quasi-Contract

### (On Behalf of Plaintiff and the Putative Class)

61.     GEICO re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62.     The allegations in Paragraph 63 relate to a claim which the Court dismissed with prejudice (ECF No. 64).  No response is required.

63.     The allegations in Paragraph 64 relate to a claim which the Court dismissed with prejudice (ECF No. 64).  No response is required.

64.     The allegations in Paragraph 65 relate to a claim which the Court dismissed with prejudice (ECF No. 64).  No response is required.

## COUNT III

### Violation the California Unfair Competition Law ("UCL")

### Cal. Bus. & Prof. Code § 17200 *et seq*.

### (On Behalf of Plaintiff and the Putative Class)

65.     GEICO re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66.     Paragraph 67 states a legal conclusion, to which no response is required.

67.     Paragraph 68 states a legal conclusion, to which no response is required.

68.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 69 of the complaint and, on that basis, denies those allegations.

69.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 70 of the complaint and, on that basis, denies those allegations.

70.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 71 of the complaint and, on that basis, denies those allegations.

71.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 72 of the complaint and, on that basis, denies those allegations.

72.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 73 of the complaint and, on that basis, denies those allegations.

73.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 74 of the complaint and, on that basis, denies those allegations.

74.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 75 of the complaint and, on that basis, denies those allegations.

75.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 76 of the complaint and, on that basis, denies those allegations.

76.     GEICO lacks sufficient knowledge, information or belief to affirm or deny the allegations in Paragraph 77 of the complaint and, on that basis, denies those allegations.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff is not entitled to a jury trial for her remaining claims.

### AFFIRMATIVE DEFENSES

As separate and other defenses to the Complaint, GEICO states below without assuming the burden of proof on matters where it has no such burden.  GEICO reserves the right to restate or recall any defenses, and to assert additional defenses based on information learned or obtained during discovery:

**FIRST DEFENSE**

Plaintiff's remaining claim for relief should be dismissed on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's remaining claim for relief is barred by the statutory immunity conferred by Cal. Ins. Code § 1860.1.

**THIRD DEFENSE**

Plaintiff's remaining claim for relief is barred by the filed-rate doctrine.  The Court lacks subject-matter jurisdiction over the claims.  GEICO's rates at issue were filed and approved by the California Department of Insurance, and may not be attacked in this forum at this time.

**FOURTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the economic loss rule.  California law precludes tort measures of damages for these claims rooted in contract.

**FIFTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the doctrines of consent, estoppel, and waiver.  Plaintiff repeatedly renewed her insurance policies after the conduct that she complains of.

**SIXTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the doctrine of ratification after accepting the terms of the contract that were proposed to her.

**SEVENTH DEFENSE**

Plaintiff's remaining claim for relief is barred for lack of economic injury.  She lost no money or property, and the had the right and ability to accept another offer with another insurer.

**EIGHTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the doctrines of release and accord and satisfaction.  The policy terms and conditions were performed.

**NINTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the due process protections afforded by the 14th Amendment to the U.S. Constitution (both procedural and substantive, as well as the equal

9

protection clause) and all similar protections under the California Constitution (including Section 7 of Article I).

**TENTH DEFENSE**

Plaintiff's remaining claim for relief is barred by the Takings Clause under the 5th Amendment to the U.S. Constitution and all similar protections under the California Constitution (including Section 19 of Article I).

DATED July 15, 2022                                     _/s/ Ronald M. Lepinskas_
                                                        Damon N. Vocke
                                                        Ronald M. Lepinskas
                                                        Daniel B. Heidtke (SBN 302450)
                                                        DUANE MORRIS LLP
                                                        Attorneys for Defendants

**GEICO'S CORRECTED ANSWER & AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 15, 2022, he caused the foregoing document to be electronically filed with the Court using the CM/ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

 */s/ Ronald M. Lepinskas*
Ronald M. Lepinskas

GEICO'S CORRECTED ANSWER & AFFIRMATIVE DEFENSES TO AMENDED CLASS ACTION COMPLAINT