UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-02103-BLF<br><br>**ORDER GRANTING PLAINTIFF'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Re:  ECF Nos. 77, 100] |

Before the Court are two administrative motions filed by Plaintiff Jessica Day.  The first is an administrative motion to consider whether another party's material should be sealed in conjunction with Plaintiff's Motion for Class Certification.  *See* ECF No. 77.  The second is an administrative motion to file under seal an exhibit to Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification.  *See* ECF No. 100.  The Court has considered the motions and supporting declarations.  For the following reasons, Plaintiff's motions to seal these materials are GRANTED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–102 (9th Cir. 2016).  Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause."  *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, *inter alia*, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1)(i). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2).

Furthermore, when a party (the "Moving Party") seeks to seal a document that has been designated as confidential by another party or non-party (the "Designating Party"), the Moving Party must file a Motion to Consider Whether Another Party's Material Should Be Sealed under Civil Local Rule 79-5(f). The Moving Party must file a motion "identify[ing] each document or portions thereof for which sealing is sought." Civ. L.R. 79-5(f)(1). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or declaration as described in [Civil Local Rule 79-5(c)(1)]." Civ. L.R. 79-5(f)(3). "If any party wishes to file a response, it must do so no later than 4 days after the Designating Party files its statement and/or declaration." Civ. L.R. 79-5(f)(4).

## II. DISCUSSION

This Court previously determined "that the compelling reasons standard applies to motions to seal documents relating to class certification." *Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020).

### A. Motion to Consider Whether Another Party's Material Should Be Sealed in Conjunction with Plaintiff's Motion for Class Certification

Plaintiff moves for the Court to consider filing the identified information under seal because it contains information originally produced by Defendants that was marked "Confidential — Subject to Protective Order" pursuant to the Stipulated Protective Order, as modified. *See* ECF No. 77 at 1–2 (referencing ECF No. 76, Stipulated Protective Order, as modified). Defendant GEICO does not oppose this request. *See* ECF No. 99. GEICO also clarified the confidential status of the information in the response they filed pursuant to Civil Local Rule 79-5(f)(3). *See*

2

ECF No. 99 at 2–3. This response indicated that some of the documents that Plaintiff requested this Court to consider filing under seal were either not confidential or that there existed less restrictive alternatives. *See id.* GEICO did agree that filing under seal was merited for certain documents identified in Plaintiff's motion. *See* ECF 99 at 2–3 (responding to ECF No. 77). This subset of information contains non-public, confidential financial information about GEICO's operations in California. *See id.* The Court finds that this has met the "compelling reasons" standard for sealing financial information about its operations in California because release of the information threatens its competitive interests. See *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017).

### B. Motion to File Under Seal an Exhibit to Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification

Plaintiff seeks to file portions of an exhibit to its Reply in Support of Motion for Class Certification under seal because it contains information taken directly from a Declaration filed by GEICO (ECF No. 93-2), which was already ordered sealed by this Court. *See* ECF Nos. 97, 100. GEICO has filed a response to this request pursuant to Civil Local Rule 79-5(f)(3). *See* ECF No. 103. In this response, GEICO indicated that they do not oppose the Plaintiff's request to file under seal. *Id.*

The Court notes that this request to file under seal pertains exclusively to information already sealed by this Court. *See* ECF No. 97. As indicated in the prior order, the Court finds that the material that Plaintiff seeks to seal includes non-public, confidential financial information about GEICO's operations in California. *See id*; *see also* ECF No. 95 at 1. The Court finds that this has met the "compelling reasons" standard for sealing financial information about its operations in California because release of the information threatens its competitive interests. *See Exeltis USA Inc.*, 2020 WL 2838812, at *2; *In re Qualcomm Litig.*, 2017 WL 5176922, at *2.

### C. Designation of Information to be Filed Under Seal

The Court rules as follows on the documents the parties seek to have sealed:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 78 | Plaintiff's Motion and Memorandum in Support of Class Certification | 5:6–13. *See* ECF No. 99 at 2. | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 78-1 | Summary Exhibit Prepared by GEICO (GEICO_DAY_024947 – 024949) | Portions identified by GEICO in its Statement in Response to Plaintiff's Motion to File Under Seal. *See* ECF No. 99 at 2 (CA-specific figures). | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 78-1 | Excerpts of the Fed. R. Civ. P. 30(b)(6) Deposition Transcript of BJ Hackman in *Thomas, et al. v. GEICO Casualty Company, et al.* (N.D. Ill.) | 80:1–4, 82:2–9. *See* ECF No. 99 at 2. | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 78-1 | Expert Report and Appendices of Allen Schwartz | ¶ 32, Apps. D & E. *See* ECF No. 99 at 2–3. | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 78-1 | Email (GEICO-031062) | Entire email. *See* ECF No. 99 at 3. | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 101-1 | Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification | Redacted portion of ¶ 73 of Exhibit 17. *See* ECF No. 103 at 2. | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |

### III.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's sealing motion is

1   GRANTED.

3   Dated:  September 28, 2022

_____
BETH LABSON FREEMAN
United States District Judge