**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JESSICA DAY,<br><br>          Plaintiff,<br><br>    v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>          Defendants. | Case No.  21-cv-02103-BLF<br><br>**ORDER RE ABSTENTION** |

On October 12, 2022, GEICO submitted a notice of supplemental authority to the Court. ECF No. 113; *see Torrez v. Infinity Ins. Co. et al.*, No. 2:22-cv-05171-SVW-JC, 2022 WL 6819848 (C.D. Cal. Oct. 11, 2022). On October 31, 2022, the Court issued an Order requiring the parties to submit briefing on the issue of whether the Court should use its discretion to abstain from exercising its equitable power in this case as was done in *Torrez*. ECF No. 117. GEICO filed a brief asking the Court to abstain. ECF No. 126 ("GEICO Brief"). Plaintiff filed a brief opposing equitable abstention. ECF No. 125 ("Pl. Brief"). The Court declines to abstain from exercising its jurisdiction in this case. The Court notes that there is no motion currently pending before it on this question. But because the Court requested briefing, it will provide a brief explanation of its reasoning.

The doctrine of equitable abstention "gives courts discretion to abstain from deciding a UCL claim." *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 784 (N.D. Cal. 2011). The doctrine "applies in rare instances." *Ellis v. J.P. Morgan Chase & Co.*, 950 F. Supp. 2d 1062, 1082 (N.D. Cal. 2013). Courts may abstain under this doctrine if: "(1) resolving the claim requires 'determining complex economic policy, which is best handled by the legislature or an administrative agency;' (2) 'granting injunctive relief would be unnecessarily burdensome for the

trial court to monitor and enforce given the availability of more effective means of redress;' or (3) 'federal enforcement of the subject law would be more orderly, more effectual, less burdensome to the affected interests.'" *Wehlage*, 791 F. Supp. 2d at 784-85 (quoting *Alvarado v. Selma Convalescent Hosp.*, 153 Cal. App. 4th 1292, 1298 (2007)).

First, the Court is persuaded that this case will not require it to determine complex economic policy better handled by an administrative agency. The California Insurance Commissioner's brief in a similar case, *Rejoice! Coffee Co., LLC v. The Hartford Financial Services Group, Inc.*, No. 20-cv-6789-EMC (N.D. Cal.), states that private litigants may bring "UCL claims involving excessive premiums, unfair practices, or misapplication of approved rates." ECF No. 125-1 at 6. The Insurance Commissioner thus reasoned that "a UCL action that challenges an insurer's refusal to adjust its premiums in response to circumstances caused by the pandemic" does not fall within the Commissioner's exclusive jurisdiction. *Id.* at 7. The Court thus declines to find that the issues in this case would be better handled by an administrative agency. And the Court will not be required to determine "complex economic policy." Plaintiff is not asking the Court to engage in ratemaking, but rather to determine whether a refusal to adjust premiums was "unfair" conduct. *See* Pl. Brief at 6-7. This question is firmly within the Court's purview. Second, Plaintiff in this case does not seek injunctive relief that would be burdensome for the Court to monitor. *See* ECF No. 68 ("FAC"), Prayer for Relief. Plaintiff is seeking a partial refund for class members, not for the Court to set new rates. *See id.*; Pl. Brief at 9. And the third factor clearly does not apply here, as there is no potential federal enforcement. Although the Court concurs with the preliminary conclusion of the *Torrez* court that abstention is available under the UCL in appropriate cases where a UCL action "would drag a court of equity into an area of complex economic . . . policy," *Torrez*, 2022 WL 6819848, at *4 (citation omitted), this Court parts ways with the *Torrez* court based upon the factual circumstances and nature of the requested relief as described by Plaintiff in this case.

//
//
//

The Court appreciates the parties' briefing on this topic.  The Court is equipped to handle and appropriately decide this case.  The Court thus DECLINES to abstain from exercising its jurisdiction in this UCL case.

**IT IS SO ORDERED.**

Dated:  December 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge