UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DAY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING MOTION TO STRIKE JURY REQUEST**<br><br>[Re: ECF No. 118] |

This lawsuit concerns a premium credit program run by Defendants GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company ("GEICO"). At the beginning of the COVID-19 pandemic in April 2020, GEICO announced the "GEICO Giveback," a program that provided a 15% discount on new and renewed insurance policies. Plaintiff Jessica Day, representing a class, alleges that GEICO engaged in unfair business practices by failing to provide additional refunds despite fewer claims resulting from fewer miles driven and fewer vehicle accidents.

GEICO filed a motion to strike the jury demand. ECF No. 118 ("Mot."); *see also* ECF No. 133 ("Reply"). Plaintiff opposes. ECF No. 128 ("Opp."). The Court vacated the hearing on this motion. ECF No. 139. For the reasons explained below, the Court GRANTS GEICO's motion to strike.

I. **BACKGROUND**

As alleged in the Complaint, there has been "a dramatic reduction in driving, and an attendant reduction in driving-related accidents" due to COVID-19 stay-at-home orders. ECF No. 68 ("FAC") ¶¶ 2–3. Compared to the January 2020 average, California motorists drove approximately 75% fewer miles between mid-March and late April 2020, resulting in

approximately 50% fewer crashes. *Id.* ¶¶ 22–23. This decrease in driving and accidents reduced the number of claims paid by auto insurance companies, resulting in an alleged increase in profits. *Id.* ¶¶ 3, 21. At least one published report estimates that a 30% refund of premiums to insured drivers would be required to make up for the excess premiums paid from mid-March to late April 2020. *Id.* ¶¶ 4, 26.

In response, GEICO instituted the "GEICO Giveback," under which GEICO gave new or renewing customers a 15% credit on their personal auto insurance premiums for six-month policies between April 8, 2020 and October 8, 2020, or for twelve-month policies between April 8, 2020 and April 7, 2021. FAC ¶ 28. In connection with the program, GEICO stated that "shelter in place laws have reduced driving, and we are passing these savings on to our auto, motorcycle, and RV customers." *Id.* ¶ 30. Plaintiff renewed her GEICO policy in February 2020 and August 2020 and was charged a premium of $871.20. *Id.* ¶ 32. With the Giveback credit of $130.68, she paid $740.52 in premiums for the policy renewed in August 2020. *Id.*

Following the Court's Orders on GEICO's two motions to dismiss, *see* ECF Nos. 64, 87, Plaintiff has one remaining claim under the California Unfair Competition Law ("UCL"). FAC ¶¶ 66-77. Plaintiff alleges that GEICO "engaged in unfair business acts and practices in violation of the UCL" by (1) failing to give an appropriate refund of premiums based on excess profit and an accurate risk assessment; (2) giving the refund only to customers who renewed their policies; (3) falsely claiming that the Giveback provided "substantial and full relief"; and (4) failing to disclose its excessive profits. *Id.* ¶¶ 69-70. The Court certified a class of "[a]ll California residents who purchased personal automobile, motorcycle, or RV insurance from GEICO covering any portion of the time period from March 1, 2020 to the present." ECF No. 116.

**II.     LEGAL STANDARD**

Under Rule 38, a party may demand a jury trial by a serving the other parties with a written demand no later than 14 days after the last pleading directed to the issue is served. Fed. R. Civ. P. 38(b)(1). Once a jury demand has been made, the trial must be made by jury unless the parties stipulate otherwise or "the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a).

### III. ANALYSIS

GEICO moves the Court to strike Plaintiff's jury demand. *See* Mot. Following the motions to dismiss, only a UCL claim remains. GEICO argues that there is no right to a jury trial on a UCL claim, and the Court should therefore strike Plaintiff's jury demand. *Id.*

The Seventh Amendment guarantees the right to a jury trial "[i]n suits at common law, where the value in controversy shall exceed twenty dollars." U.S. Const., amend VII. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963). "When the right to a jury trial is invoked in an action based on a statute, as is the case here, *Tull v. United States*, provides the appropriate analysis." *Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir. 1990) (citing *Tull v. United States*, 481 U.S. 412 (1987)). In that case, the Court stated that the Seventh Amendment requires a jury trial in actions that are "analogous to 'Suits at common law.'" *Tull*, 481 U.S. at 417. "Determining whether statutory actions are 'more similar to cases that were tried in court of law than to suits tried in courts of equity or admiralty,' requires an analysis of both the nature of the action and the remedy sought." *Smith*, 914 F.2d at 1337. "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." *Tull*, 481 U.S. at 417. "Second, we examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 417-18. The second inquiry is the more important of the two. *Smith*, 914 F.2d at 1337.

GEICO points the Court to *Hope Medical Enterprises, Inc. v. Fagron Compounding Services, LLC*, in which court granted a motion to strike a jury demand for a UCL claim. No. 2:19-CV-07748-CAS-PLAx, 2021 WL 2941546 (C.D. Cal. July 12, 2021). Other district courts in the Ninth Circuit have also stated, as dicta, that there is no federal right to a jury trial for a UCL claim. *See Comin v. Int'l Bus. Machs. Corp.*, No. 19-CV-07261-JD, 2021 WL 463431, at *5 (N.D. Cal. Feb. 9, 2021) ("It is true that the UCL, as an equitable claim, does not trigger a constitutional right to a jury trial."); *Kingsbury v. U.S. Greenfiber, LLC*, No. CV 08-151 DSF (AGRx), 2013 WL 12121540, at *1 (C.D. Cal. Nov. 4, 2013) (noting "Plaintiff concedes that there is no right to a jury trial for a claim brought under the UCL"). In another case, the Ninth Circuit in

1   dicta "note[d] that defendants' [UCL] counterclaim was not subject to a jury trial . . . ." *Cargill*
2   *Inc. v. Progressive Dairy Sols., Inc.*, 362 F. App'x 731, 733 (9th Cir. 2010).

3         The Court turns to the first inquiry outlined in *Tull*: "compar[ing] the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity." 481 U.S. at 417. In *Hope Medical Enterprises*, the court stated that the UCL "parallel[s] section 5(a)(1) of the Federal Trade Commission Act." *Id.* at *2. It then continued that because the Supreme Court has held that section 5(a)(1) "extends beyond common law concepts of unfair competition," the UCL "do[es] not necessarily parallel a common law cause of action for unfair methods of competition." *Id.* *3. It thus found that the first factor of the test outlined in *Tull* "weighs against finding a Seventh Amendment right to a jury trial on these claims." *Id.* The Court agrees.

      The Court now turns to the second inquiry from *Tull*: the nature of the remedy sought. The court in *Hope Medical Enterprises* noted that the remedy sought for the UCL claim—injunctive relief and attorneys' fees—was equitable in nature. *Id.* at *5. Plaintiff here asserts that the relief allowed by the UCL is not necessarily equitable in nature. Opp. at 2-4. A plaintiff can seek injunctive relief and/or restitution under the UCL. *See* Cal. Bus. & Prof. Code § 17203. And "not all relief falling under the rubric of restitution is available in equity." *Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002). Instead, a court must "look to the substance of the remedy sought rather than the label placed on that remedy." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 661 (9th Cir. 2019) (quoting *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1185 (9th Cir. 2004)). Plaintiff here seeks "[d]isgorgement of, restitution of, and/or imposing a constructive trust upon, the ill-gotten gains derived by Defendants from their unjust enrichment." Compl., Prayer for Relief, ¶ F. But Plaintiff provides no discussion or argument as to why the restitution here would properly be characterized as legal. *See* Opp. The Court therefore finds that the second inquiry also weighs against finding a Seventh Amendment right to a jury trial.

      The Court, agreeing with other courts in this circuit that have stated as much, determines that Plaintiff has no Seventh Amendment right to a jury trial on her UCL claim in this case. The Court will therefore GRANT the motion to strike the jury demand.

4

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that GEICO's motion to strike the jury demand is GRANTED.

Dated: February 27, 2023

_____
BETH LABSON FREEMAN
United States District Judge