# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JESSICA DAY,<br>　　　　Plaintiff,<br>　v.<br>GEICO CASUALTY COMPANY, et al.,<br>　　　　Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>[Re: ECF No. 154, 160] |

Before the Court is Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 154, and Defendants' Administrative Motion to File Under Seal, ECF No. 160. The motions seek to file under seal documents in support Plaintiff's Motion to Modify Class Definition and Defendants' Response. ECF Nos. 155, 159. For the reasons stated below, Plaintiff's motion is DENIED WITHOUT PREJUDICE and Defendants' motion is GRANTED.

**I.   LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, in this district, all parties requesting sealing must comply with Civil Local

Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Further, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f). In that case, the filing party need not satisfy the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(1). Instead, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). A designating party's failure to file a statement or declaration may result in the unsealing of the provisionally sealed document without further notice to the designating party. *Id.* Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.     DISCUSSION

The Court finds that the "compelling reasons" standard applies because Plaintiff's Motion to Modify Class Definition is more than tangentially related to the merits of this case. *See Maldonado v. Apple, Inc.*, No. 3:16-CV-04067-WHO, 2021 WL 134579, at *5 (N.D. Cal. Jan. 14, 2021) (applying the "compelling reasons" standard to a motion to seal documents related to a motion to modify class definition).

### A.     Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 154)

On June 9, 2023, Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, identifying portions of her Motion to Modify Class Definition and its supporting exhibits that contain information that Defendants have designated as confidential. ECF No. 154. As of the date of this Order, Defendants have not filed a statement

and/or declaration under Civ. L.R. 79-5(f)(3).  A designating party's failure to file a statement or declaration is a basis for denial.  *See Plexxikon Inc. v. Novartis Pharms. Corp.*, No. 17-CV-04405-HSG, 2022 WL 1131725, at *2 (N.D. Cal. Mar. 31, 2022) (denying motions to consider whether another party's material should be sealed because the designating party failed to comply with Civ. L.R. 79-5(f)(3)).

Thus, the Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 154-4 | Plaintiff's Motion to Modify Class Definition | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 154-6 | Declaration of Robert L. Schug | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 154-8 | Declaration of Matthew H. Morgan | Highlighted Portions | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |
| 154-9 | Declaration of Allan Schwartz | Entire Document | DENIED, as failing to comply with Civ. L.R. 79-5(f)(3). |

The denial as to Plaintiff's motion and these exhibits is WITHOUT PREJUDICE to Defendants filing a statement and/or declaration under Civ. L.R. 79-5(f)(3).  Defendants shall do so within 10 days of this Order.

### B.   Defendants' Administrative Motion to File Under Seal (ECF No. 160)

Defendants seek to file portions of their Response and certain exhibits in support that Response under seal because they contain internal and confidential financial information related to GEICO's operations in California.  ECF No. 160 at 4.

The "compelling reasons" standard is met for confidential business information, including financial records, that would harm a party's competitive standing.  *See Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020) (finding compelling reasons for "confidential business and proprietary information relating to the operations of both Plaintiff and Defendant"); *Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding sealable "business information that might

3

harm a litigant's competitive standing").

The Court finds that Defendants have met the "compelling reasons" standard because the release of non-public financial information related to GEICO's operations in California threatens GEICO's competitive interests. *See Elec. Arts*, 298 F. App'x at 569. The Court is also satisfied that Defendants' request is narrowly tailored to only the sealable material.

The Court rules as follows:

| ECF No. | Document | Portions to Seal | Ruling |
|---|---|---|---|
| 160-3 | Defendants' Response | Highlighted Portions | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 160-4 | Declaration of Damon N. Vocke | Highlighted Portions | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 160-5 | Excerpts of the Deposition of Russell Ward | Highlighted Portions | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |
| 160-6 | GEICO's Profit and Loss Statement | Highlighted Portions | GRANTED, as containing information related to GEICO's internal financial results and sensitive proprietary business issues. |

4

**III. ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed is DENIED WITHOUT PREJUDICE.  ECF No. 154.  Defendants may file a statement and/or declaration under Civ. L.R. 79-5(f)(3) within 10 days of this Order.  If Defendants fail to do so, Plaintiff SHALL file unredacted versions of the documents sought to be sealed on the public docket.

2. Defendants' Administrative Motion to File Under Seal is GRANTED.  ECF No. 160.

Dated:  August 30, 2023

BETH LABSON FREEMAN
United States District Judge