UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>        Plaintiff,<br><br>    v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>        Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING DEFENDANTS LEAVE TO FILE MOTION FOR RECONSIDERATION REGARDING ABSTENTION OF JURISDICTION**<br><br>Re: ECF No. 170 |

Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company (together, "GEICO") have requested leave to file a motion for reconsideration pursuant to Civil Local Rule 7-9.[1] *See* Mot., ECF No. 170. Specifically, GEICO seeks leave to move this Court to reconsider its December 20, 2022 order (the "Prior Order") declining to abstain from exercising its equitable jurisdiction in this case, *see* ECF No. 130, on the grounds that a written document issued by the California Department of Insurance ("CDI") after the entry of the Prior Order constitutes the emergence of a new material fact. Mot. 2. GEICO asserts that although it received the document at issue in January 2023, it has acted with reasonable diligence because Plaintiff Jessica Day's ("Plaintiff") discovery efforts were not exhausted until the subpoena she served upon the CDI was quashed on August 16, 2023. *Id.* at 2–3.

A motion for leave to file a motion for reconsideration may be filed prior to the entry of a final judgment in the case. Civ. L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion" and one of the following circumstances:

    (1) That at the time of the motion for leave, a material difference in

---

[1] Although GEICO states that it is "request[ing] leave to file a (new) motion to abstain," GEICO requests relief under Civil Local Rule 7-9, which governs motions for reconsideration. Mot. 3.

1   fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b). Whether to grant leave to file under Rule 7-9 is committed to the Court's sound discretion. *See Montebueno Mktg., Inc. v. Del Monte Corp.-USA*, 570 F. App'x 675, 676 (9th Cir. 2014). Because GEICO has indicated the emergence of a new material fact after the Court's entry of the Prior Order, and has shown reasonable diligence in bringing the motion after the exhaustion of Plaintiff's discovery efforts related to the document at issue, the Court will grant GEICO's request for leave to file a motion for reconsideration of the Court's Prior Order, and directs GEICO to refile its proposed motion for reconsideration of its motion to abstain, ECF No. 170-1, Exh. C, in accordance with the page limits set forth below.

Based on the foregoing, the Court hereby ORDERS as follows:

(1) GEICO's motion for leave to file a motion for reconsideration under Civil Local Rule 7-9 of the Court's order located at ECF No. 130 is GRANTED.

(2) GEICO's motion for reconsideration, which is not exceed five pages in length, must be filed by September 22, 2023.

(3) Plaintiff may file a response to GEICO's motion for reconsideration. The response may not exceed five pages in length, and must be filed within 10 days of the filing of GEICO's motion.

**IT IS SO ORDERED.**

Dated: September 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge

2