UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>　　　　Defendants. | Case No.  21-cv-02103-BLF<br><br>**ORDER GRANTING GEICO'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: ECF Nos. 172, 175 |

　　　　Presently before the Court are two administrative motions to seal filed by Defendants GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company ("GEICO") on September 15, 2023.  The first seeks to seal portions of GEICO's motion for summary judgment and supporting materials, *see* ECF No. 172, and the second seeks to seal portions of GEICO's motion to decertify the class and supporting materials, *see* ECF No. 175.  Plaintiff Jessica Day ("Plaintiff") does not oppose GEICO's requests.  *See* Pl.'s Consol. St. of Non-Opp'n, ECF No. 178.  For the following reasons, the Court GRANTS each of GEICO's administrative motions to seal.

**I.　　LEGAL STANDARD**

　　　　"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."  *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto*

*Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted).

Courts in this district apply the compelling reasons standard to motions to seal associated with both motions for summary judgment and motions for class decertification. *See, e.g.*, *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955, 2019 WL 12495009, at *2 (N.D. Cal. Dec. 12, 2019) (applying compelling reasons standard to motion to seal materials related to motions for summary judgment and class decertification); *West v. Palo Alto Housing Corp.*, No. 17-CV-00238, 2019 WL 13254313, at *2 (N.D. Cal. June 20, 2019) (applying compelling reasons standard to sealing request relating to motion for summary judgment because "[a] motion for summary judgment is by definition a dispositive motion [that] relates to the merits of the case"); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219, 2022 WL 6584485, at *1 (N.D. Cal. Sept. 23, 2022) ("Because these documents are related to decertification of the class, which is more than tangentially related to the merits of the underlying action, the Court applies the "compelling reasons" standard in evaluating the motions to seal.").

Compelling reasons justifying the sealing of court records generally exist "when such 'court files might . . . become a vehicle for improper purposes,'" *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598), such as: "to gratify private spite, promote public scandal, circulate libelous statements," *id.*; to "release trade secrets," *id.*; or "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 598–99). Courts in this circuit have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-4810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *see also, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms); *In re Google Location Hist. Litig.*, No. 5:18-cv-

05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted); *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 350401, at *2–3 (N.D. Cal. Jan. 20, 2023) (granting sealing request under compelling reasons standard of "confidential business development and internal business strategy documents and intellectual property of MiTek, including internal MiTek research and development information").

A protective order sealing the documents during discovery may reflect a court's previous determination that good cause—a lower threshold than that required for finding a compelling reason to seal—exists to keep the documents sealed, *see Kamakana*, 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## II. DISCUSSION

The Court notes at the outset that with the exception of the various phrasing differences between the motion for summary judgment and the motion for decertification, GEICO's sealing requests are identical. That is, both of GEICO's administrative motions to seal seek to redact identical language in the declarations submitted by Russell Ward in support of each motion, as well as the same six exhibits submitted in support of each motion. *See* ECF Nos. 172, 175; *see also* Pl.'s St. of Non-Opp'n 1 ("[T]he documents and information sought to be sealed by GEICO

3

in each motion are either the same document, or substantially the same content."). Accordingly, the Court combines the analyses of GEICO's two administrative motions to seal.

Having reviewed GEICO's arguments and the documents at issue, as well as the declarations of GEICO's counsel submitted in support of each administrative motion to seal, *see* ECF Nos. 172-1, 175-1, the Court is satisfied that each of GEICO's sealing requests is narrowly tailored to seal confidential business and financial information, the disclosure of which would cause competitive harm to GEICO by allowing other insurers to obtain a unilateral advantage by learning about GEICO's business operations. *See In re Elec. Arts*, 298 F. App'x. at 569. Accordingly, the Court finds that each of GEICO's requests to seal meet the compelling reasons standard, and rules on the requests as set forth in the chart below.

| **Document** | **Public ECF No. / (Sealed ECF No.)** | **Proposed Sealing or Redactions** | **Result** | **Reasoning** |
| --- | --- | --- | --- | --- |
| GEICO's Memorandum in Support of Its Motion for Summary Judgment | 171 / (172-3) | Highlighted portions at 1:7–9, 3:19–23, 5:1–2, 5:16–6:1, 10:16–17, 11:14–16, 18:11–13. | GRANTED. | Contains confidential information regarding GEICO's internal financial results and sensitive proprietary business issues. |
| GEICO's Memorandum in Support of Its Motion to Decertify | 174 / (175-3) | Highlighted portions at 4:21–5:6, 10:15–16, 14:16–17, 15:14–16. | GRANTED | Contains confidential information regarding GEICO's internal financial results and sensitive proprietary business issues. |
| Declarations of Russell Ward in Support of GEICO's motion for summary judgment and motion to decertify. | 171-2, 174-1 / (172-5, 175-4) | Highlighted portions at 2:11–3:7. | GRANTED. | Details GEICO'S confidential financial information. |

| Document | Public ECF No. / (Sealed ECF No.) | Proposed Sealing or Redactions | Result | Reasoning |
|---|---|---|---|---|
| Exhibit E to Declarations of Russell Ward | 171-2, 174-1 / (172-5, 175-4) | Entire document. | GRANTED. | Details GEICO'S confidential financial information. |
| Exhibit G to Declarations of Russell Ward | 171-2, 174-1 / (172-5, 175-4) | Entire document. | GRANTED. | Details GEICO'S confidential financial information. |
| Exhibit K to Declarations of Damon N. Vocke | 171-1, 174-2 / (172-4, 175-5) | Entire document. | GRANTED. | Consists of a non-public settlement stipulation. |
| Exhibit BB to Declarations of Damon N. Vocke | 171-1, 174-2 / (172-4, 175-5) | Entire document. | GRANTED. | Contains GEICO's confidential financial and business information. |
| Exhibit CC to Declarations of Damon N. Vocke | 171-1, 174-2 / (172-4, 175-5) | Entire document. | GRANTED. | Contains GEICO's confidential financial and business information. |
| Exhibit DD to Declarations of Damon N. Vocke | 171-1, 174-2 / (172-4, 175-5) | Entire document. | GRANTED. | Contains GEICO's confidential financial and business information. |

**IT IS SO ORDERED.**

Dated: September 21, 2023

_____
BETH LABSON FREEMAN
United States District Judge