UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>        Plaintiff,<br><br>    v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>        Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER DENYING GEICO'S MOTION TO RECONSIDER ABSTENTION OF JURISDICTION**<br><br>Re: ECF No. 180 |

Presently before the Court is Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's (together, "GEICO" or "Defendants") Motion to Reconsider Abstention of Jurisdiction (the "Motion"). *See* Mot., ECF No. 180. GEICO seeks reconsideration of the Court's order declining to abstain from exercising its jurisdiction in this action. *See* Order re Abstention, ECF No. 130. Plaintiff Jessica Day ("Plaintiff") opposes the Motion. *See* Opp'n, ECF No. 184. For the following reasons, the Court DENIES the Motion.

**I.    BACKGROUND**

In April 2020, at the beginning of the COVID-19 pandemic, Defendants announced the GEICO Giveback program, which provided a 15% discount on new and renewed insurance policies. Plaintiff filed this action in March 2021, alleging that Defendants misrepresented that the GEICO Giveback program was passing on GEICO's savings during the pandemic (as a result of fewer claims), and additionally withheld information about the true amount of that savings. *See* Compl., ECF No. 1. After two rounds of motions to dismiss, the sole remaining claim in this action is Plaintiff's claim that GEICO's conduct with respect to the GEICO Giveback program constituted unfair business acts and practices in violation of California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq. See* Order Granting Partial Mot. to

Dismiss First Am. Compl. 5, ECF No. 87; First Am. Compl. ("FAC") ¶¶ 66–77, ECF No. 68. GEICO answered the operative FAC on July 15, 2022. *See* Corrected Answer, ECF No. 89.

On October 12, 2022, GEICO submitted a notice of supplemental authority to the Court. Not., ECF No. 113; *see Torrez v. Infinity Ins. Co.*, No. 2:22-cv-05171-SVW-JC, 2022 WL 6819848 (C.D. Cal. Oct. 11, 2022). On October 31, 2022, Court requested that the parties submit briefing on the issue of whether the Court should use its discretion to abstain from exercising its equitable jurisdiction over this case, as was done in *Torrez*. *See* Order Requiring Briefing, ECF No. 117. (The Court also granted Plaintiff's motion for class certification on that same day. *See* ECF No. 116.) GEICO filed a brief asking the Court to abstain, and Plaintiff filed a brief opposing equitable abstention. *See* ECF Nos. 125, 126. On December 20, 2022, the Court issued the order that is the subject of the present Motion, in which it declined to abstain from exercising its jurisdiction in this action. *See* Order re Abstention.

On January 26, 2023, a deputy commissioner for the California Department of Insurance ("CDI"), Kenneth Allen, emailed a GEICO employee, Angela Rinella, and stated that the CDI had determined that the premiums returned to policyholders via the GEICO Giveback program were "sufficient . . . to account for the lower risk of loss during the COVID pandemic period," so that "GEICO is not required to return any additional premium to its California [] policyholders." Decl. of Damon N. Vocke ("Vocke Decl."), Exh. A, ECF No. 180-1. Plaintiff sought to depose Mr. Allen in the Central District of California, and the CDI moved to quash Plaintiff's deposition subpoena. *See* Vocke Decl., Exh. B. On August 16, 2023, the court presiding over the discovery litigation granted the CDI's motion to quash. *See* Vocke Decl., Exh. J. Plaintiff did not appeal.

On September 15, 2023, GEICO filed a motion for summary judgment, as well as a motion leave to file its motion for reconsideration of the order on abstention. *See* Mot. for Leave to File, ECF No. 170; Mot. Summ. J., ECF No. 171. The Court granted GEICO leave to request reconsideration, and permitted Plaintiff to file an opposition. *See* Order, ECF No. 177. GEICO then filed the instant Motion on September 22, 2023, and Plaintiff filed her opposition on October 2, 2023. *See* Mot.; Opp'n.

**II.    LEGAL STANDARDS**

**A.    Reconsideration**

Trial courts have inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Fed. R. Civ. P. 54(b). The substantive standard governing reconsideration of an interlocutory order is the same as that which governs motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). Motions for reconsideration are disfavored and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1254 (9th Cir. 1999) (per curiam) (internal quotation and citation omitted).

Pursuant to this district's local rules, a motion for reconsideration may be made on three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the moving party did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments. *See* Civ. L.R. 7-9(b). The moving party may not reargue any written or oral argument previously asserted to the court. Civ. L.R. 7-9(c).

**B.    Equitable Abstention**

The doctrine of equitable abstention has developed out of the "long [-] established [understanding] that a federal court has the authority to decline to exercise its jurisdiction when it 'is asked to employ its historic powers as a court of equity.'" *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 717 (1996) (citation omitted). This doctrine "gives courts discretion to abstain from deciding a UCL claim." *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 784 (N.D. Cal. 2011). "Abstention under the doctrine may be appropriate if: (1) resolving the claim requires 'determining complex economic policy, which is best handled by the legislature or an administrative agency;' (2) 'granting injunctive relief would be unnecessarily burdensome for the trial court to monitor and enforce given the availability of more effective means of redress;' or (3) 'federal enforcement of the subject law would be more orderly, more effectual, less burdensome to

3

the affected interests.'"  *Id.* at 784–85 (quoting *Alvarado v. Selma Convalescent Hosp.*, 153 Cal. App. 4th 1292, 1298 (2007)); *see also, e.g.*, *Willard v. AT&T Comms. Of Cal.*, 204 Cal. App. 4th 53, 59 (2012) ("Where [a UCL] action would drag a court of equity into an area of complex economic . . . policy, equitable abstention is appropriate.") (citation omitted) (internal quotation marks and punctuation omitted).

### III.  DISCUSSION

As the Court noted in its prior order on abstention, the second and third bases for abstention—the unnecessary burden of monitoring the requested injunctive relief and the superiority of federal enforcement—are not at issue here.  *See* Order re Abstention 2.  The question at hand is whether Mr. Allen's January 26, 2023 email to GEICO regarding the CDI's determination—*i.e.*, that GEICO was not required to return any additional premium to California policyholders—changes the Court's prior conclusion that resolving Plaintiff's UCL claim would not require the Court to engage in determining complex economic policy.  *See id.*; *see also* Mot. 2–3.

The Court notes that GEICO does not request that the Court reconsider its prior holding that Plaintiff's claim challenges GEICO's application of its approved rate plan during the COVID-19 pandemic, and is therefore outside the scope of the exclusive jurisdiction of the CDI.  *See Day v. GEICO Cas. Co.*, 580 F. Supp. 3d 830, 839 (N.D. Cal. 2022) (ECF No. 64).  That holding remains consistent with the decisions of several other courts addressing similar cases arising from insurance premium refunds during the COVID-19 pandemic.  *See, e.g.*, *Rejoice! Coffee Co. LLC v. Hartford Fin. Servs. Grp., Inc.*, No. 20-cv-6789, 2021 WL 5879118, at *4 (N.D. Cal. Dec. 9, 2021); *Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 486 (N.D. Cal. 2021); *Drawdy v. Nationwide Ins. Co. of Am.*, No. 2:22-cv-00271, 2022 WL 3020050, at *2 (E.D. Cal. July 29, 2022); *Blain v. Liberty Mut. Fire Ins. Co.*, No. 22-cv-0970, 2023 WL 2436003, at *5 (S.D. Cal. Mar. 9, 2023).  It follows, then, that GEICO's argument that the Court should now abstain from exercising its jurisdiction because a continuation of Plaintiff's claim would constitute an improper review of agency deliberations, *see* Mot. 2–5, is in essence an argument that the CDI has made a determination that precludes Plaintiff's claim.  As Plaintiff notes, GEICO makes this

4

very argument in its motion for summary judgment, which is set for hearing on December 14, 2023. *See* Mot. Summ. J. 7–10.

Thus, although the CDI determination would appear to be extremely strong evidence in support of GEICO's position in this action, the Court finds that it does not mean that "the issues in this case would be better handled by an administrative agency." *See* Order re Abstention 2. Accordingly, the Court declines to abstain from exercising its equitable jurisdiction over this action.

**IV.   ORDER**

For the foregoing reasons, GEICO's Motion to Reconsider Abstention of Jurisdiction is DENIED.

**IT IS SO ORDERED.**

Dated: October 16, 2023

Beth Labson Freeman
United States District Judge