UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>            Plaintiff,<br><br>   v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>            Defendants. | Case No.  21-cv-02103-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Re: ECF No. 189 |

On October 20, 2023, Plaintiff Jessica Day ("Plaintiff") filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding the brief and exhibits Plaintiff filed provisionally under seal in support of her opposition to Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's (together, "GEICO" or "Defendants") motion for summary judgment on Plaintiff's operative complaint.  *See* Admin. Mot., ECF No. 189.  On October 27, 2023, Defendants filed a statement pursuant to Civil Local Rule 79-5(f)(3) regarding their position on sealing the documents and information at issue.  Defs.' Statement Re Sealing ("Statement")  ¶ 3, ECF No. 119.  Plaintiff has not filed a response to the Statement.  Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Plaintiff's Motion.

I.      **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).  Accordingly, when considering a sealing request, "a 'strong

1    presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*
2    *Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to
3    motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto*
4    *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming
5    the presumption with "compelling reasons supported by specific factual findings that outweigh the
6    general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at
7    1178–79 (internal quotation marks and citation omitted). Accordingly, the compelling reasons
8    standard applies to documents related to a summary judgment motion. *See id.* at 1179.

9        In addition, the Local Rules of this Court require that all requests to seal be "narrowly
10   tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion
11   must include "a specific statement of the applicable legal standard and the reasons for keeping a
12   document under seal, including an explanation of: (i) the legitimate private or public interests that
13   warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive
14   alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

15   **II.    DISCUSSION**

16       Plaintiff filed 14 documents partially or fully under seal related to her opposition to
17   Defendants' motion for summary judgment, *i.e.*, a redacted version of her opposition brief and
18   Exhibits 1, 3, 5–10, 12–16. Of the 13 exhibits at issue, Defendants (1) state that Exhibit 13 is
19   entirely non-confidential; (2) request that the Court maintain Exhibits 3, 6–8, 10, 12, and 14–16
20   under seal in their entirety; (3) maintain under seal identified portions of Exhibits 1 and 9; and (4)
21   do not inform the Court of their position regarding Exhibit 5. *See* Statement 2–5. Defendants
22   have also identified portions of Plaintiff's provisionally redacted opposition brief that it does not
23   seek to maintain under seal, and other portions that it requests remain under seal. *See id.* at 2.
24   Plaintiff does not oppose the sealing request. *See* Admin. Mot. Prop. Order 1, ECF No. 189-2
25   (proposing the provisionally redacted information remain under seal).

26       The documents and information at issue are deposition transcripts; declarations; internal
27   emails, memoranda, presentations, and reports; and—in Exhibit 12—a petition in a confidential
28   proceeding before the California Department of Insurance ("CDI"). Defendants assert that the

information they seek to maintain under seal consists of non-public, sensitive financial data, as well as competitive business intelligence and strategy discussions. *See* Statement 2–5. Defendants argue that the disclosure of this information would give competitors an unfair advantage and hurt GEICO's business strategy. With respect to Exhibit 12, Defendants argue that the document was filed in a confidential proceeding before the CDI, and that it should remain confidential "[f]or the sake of the integrity of future such [confidential] proceedings, especially ones that lead to confidential settlements." *See id.* at 4.

Courts in this circuit have held that confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-4810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *see also, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted); *Simpson Strong-Tie Co. Inc. v. MiTek Inc.*, No. 20-cv-06957-VKD, 2023 WL 350401, at *2–3 (N.D. Cal. Jan. 20, 2023) (granting sealing request under compelling reasons standard of "confidential business development and internal business strategy documents and intellectual property of MiTek, including internal MiTek research and development information"); *Zogenix, Inc. v. Fed. Ins. Co.*, 2022 WL 3908529, at *1 n.1 (N.D. Cal. May 26, 2022) (granting request to seal "internal conversations" about corporate "decision-making process" in connection with summary judgment motion).

Having reviewed Defendants' arguments, the relevant case law, and the documents at issue, the Court finds that Defendants have shown compelling reasons to seal the requested portions of Exhibits 1, 3, 6–10, and 14–16. *See In re Elec. Arts*, 298 F. App'x at 569; *Exeltis USA Inc.*, 2020 WL 2838812, at *1. The Court additionally finds that the confidential nature of the proceeding before the CDI constitutes a compelling reason to maintain under the seal the petition

filed in that proceeding, *i.e.*, Exhibit 12.  Further, the Court further finds Defendants' requests to be narrowly tailored.  However, the Court finds that Defendants have not shown compelling reasons to seal Exhibit 5, which is not included in Defendants' Statement.

        The Court's rulings on the documents at issue are set forth in the table below.  For clarity, the Court notes that "GRANT" will maintain sealing.

| | **Document** | **Portions Provisionally Sealed** | **Portions GEICO Requests be Maintained Under Seal** | **Court's Ruling** | **Reasoning** |
|---|---|---|---|---|---|
| 1 | Plaintiff's Opposition to GEICO's Motion for Summary Judgment | 2:25–3:6; 3:21–4:6; 4:9–19; 5:5–22; 6:16–18; 9:18–19; 11:15–17; 19:14–17; 23:2–9; 24:1–2. | 4:9–19 9:18–19 23:2–9 | GRANTED. | Contains confidential financial information and California-specific rate information, disclosure of which would give GEICO's competitors an unfair advantage. |
| 2 | Ex. 1 to Declaration of R. Schug | Hackman Deposition: 80:1–4; 82:2–9.  Rinella Deposition: 14:1–5; 37:13–17; 52:19–20.  Ward Deposition: 31:8–33:22; 36:11–38:3; 39:3–22; 41:8–42:21; 80:16–22; 85:1–22; 87:6–22; 126:13–129:22.  Watkins Deposition: Entire document. | Hackman Deposition: No sealing requested.  Rinella Deposition: 37:13–17; 52:19–20.  Ward Deposition: 80:16–22; 85:1–22; 87:6–22; 126:13–129:22.  Watkins Deposition: No sealing requested. | GRANTED. | Contains confidential financial information and California-specific rate information, disclosure of which would give GEICO's competitors an unfair advantage. |

4

|   | **Document** | **Portions Provisionally Sealed** | **Portions GEICO Requests be Maintained Under Seal** | **Court's Ruling** | **Reasoning** |
|---|---|---|---|---|---|
| 3 | Ex. 3 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which would give GEICO's competitors an unfair advantage. |
| 4 | Ex. 5 to Declaration of R. Schug | Entire document. | N/A.  Not included in Statement. | DENIED WITHOUT PREJUDICE. | Defendants did not provide a justification for maintaining Exhibit 5 under seal. Defendants shall submit a statement regarding their position on maintaining some or all of Exhibit 5 under seal within five days of the entry of this order. |
| 5 | Ex. 6 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which would give GEICO's competitors an unfair advantage. |
| 6 | Ex. 7 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, as well as internal figures, disclosure of which would give GEICO's competitors an unfair |

| | Document | Portions Provisionally Sealed | Portions GEICO Requests be Maintained Under Seal | Court's Ruling | Reasoning |
|---|---|---|---|---|---|
| | | | | | advantage. |
| 7 | Ex. 8 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential financial information, disclosure of which would give GEICO's competitors an unfair advantage. |
| 8 | Ex. 9 to Declaration of R. Schug | Redacted portion of ¶ 73. | Redacted portion of ¶ 73. | GRANTED. | Contains confidential financial information, disclosure of which would give GEICO's competitors an unfair advantage. |
| 9 | Ex. 10 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential financial information, disclosure of which would give GEICO's competitors an unfair advantage. |
| 10 | Ex. 12 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Document was filed in a confidential proceeding before the CDI. |
| 11 | Ex. 13 to Declaration of R. Schug | Entire document. | No request to seal. | GRANTED, so that Exhibit 13 will be unsealed. | GEICO does not seek to maintain the document under seal. |
| 12 | Ex. 14 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which would give GEICO's competitors an unfair advantage. |
| 13 | Ex. 15 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which |

| Document | Portions Provisionally Sealed | Portions GEICO Requests be Maintained Under Seal | Court's Ruling | Reasoning |
|---|---|---|---|---|
| | | | | would give GEICO's competitors an unfair advantage. |
| Ex. 16 to Declaration of R. Schug | Entire document. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which would give GEICO's competitors an unfair advantage. |

### III. ORDER

Based on the foregoing, the Court hereby ORDERS that:

1. GEICO may file a renewed motion to maintain under seal Exhibit 5 to the Declaration of R. Schug. Any such motion must be filed by December 7, 2023, and may not exceed three pages in length.

2. Plaintiff shall file on the public docket her opposition brief and Exhibit 1, both redacted in compliance with this order, as well as an unredacted version of Exhibit 13, by December 11, 2023.

3. If GEICO does not timely file a renewed motion to maintain Exhibit 5 under seal, Plaintiff shall additionally file an unredacted version of Exhibit 5 by December 11, 2023.

**IT IS SO ORDERED.**

Dated: December 5, 2023

Beth Labson Freeman
United States District Judge