UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>   Plaintiff,<br><br> v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>   Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO MAINTAIN UNDER SEAL**<br><br>Re: ECF Nos. 189, 204, 206 |

   On October 20, 2023, Plaintiff Jessica Day ("Plaintiff") filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding the brief and exhibits Plaintiff filed provisionally under seal in support of her opposition to Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's (together, "GEICO" or "Defendants") motion for summary judgment on Plaintiff's operative complaint. *See* Admin. Mot., ECF No. 189. Plaintiff indicated in her motion that she did not oppose sealing any of the information or documents at issue. *See* Proposed Order, ECF No. 189-2. On October 27, 2023, Defendants filed a statement pursuant to Civil Local Rule 79-5(f)(3) regarding their position on sealing the documents and information at issue. Defs.' Statement Re Sealing ("Statement") ¶ 3, ECF No. 119. The Statement did not present a position on one of the documents at issue, *i.e.*, Exhibit 5 to Plaintiff's opposition brief ("Exhibit 5"). *See generally id.*

   The Court granted the initial motion except with respect to Exhibit 5, for which it denied sealing without prejudice to Defendants filing a renewed motion to maintain under seal. *See* Order, ECF No. 204. On December 7, 2023, Defendants filed the pending Renewed Administrative Motion to Maintain Under Seal (the "Motion"), in which they request that the Court maintain Exhibit 5 under seal in its entirety. *See* ECF No. 206.

   Defendants must show that there exist compelling reasons to seal Exhibit 5 because it was

filed in connection with an opposition to a summary judgment motion. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (noting compelling reasons standard applies to documents related to motion for summary judgment). In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a).

Defendants assert that Exhibit 5 includes internal modeling and projection techniques that GEICO treats as highly confidential and with extreme sensitivity, and that public disclosure of such information about GEICO's decision-making calculus would provide competitors an unfair advantage. *See* Motion 2; Lepinskas Decl. ¶¶ 4–5, ECF No. 206-1.[1] Having reviewed Exhibit 5, which consists of an email chain discussing GEICO's internal models and projections, the Court finds that compelling reasons exist to maintain the document under seal. *See In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms); *In re Google Location Hist. Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding financial information and business strategies satisfy the heightened "compelling reasons" standard for granting administrative motion to seal). The Court further finds Defendants' request to be sufficiently narrowly tailored.

Accordingly, the Court GRANTS Defendants' Motion to maintain Exhibit 5 under seal.

**IT IS SO ORDERED.**

Dated: December 8, 2023

Beth Labson Freeman
United States District Judge

---

[1] Although Mr. Lepinskas's declaration states that "good cause" exists to seal Exhibit 5, *see* Lepinskas Decl. ¶ 4, Defendants' Motion applies the correct "compelling reasons" standard, *see* Mot. 2.