UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA DAY,<br><br>    Plaintiff,<br><br>v.<br><br>GEICO CASUALTY COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-02103-BLF<br><br>**ORDER GRANTING MOTIONS TO SEAL FILED IN CONNECTION WITH BRIEFING ON DEFENDANTS' MOTION TO DECERTIFY CLASS**<br><br>Re: ECF Nos. 193, 202 |

Pending before the Court are two requests to seal information designated confidential by Defendants GEICO Casualty Company, GEICO Indemnity Company, and GEICO General Insurance Company's (together, "GEICO" or "Defendants"). First, Plaintiff Jessica Day ("Plaintiff") has filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed regarding two exhibits to her opposition to GEICO's motion to decertify the class in this action; GEICO has since filed a statement in support of sealing. *See* ECF Nos. 193, 196. Second, GEICO has filed its own Administrative Motion to File Documents Under Seal in connection with its reply brief in support of its motion to decertify the class. *See* ECF No. 202. Plaintiff does not oppose either of GEICO's sealing requests. Having reviewed the parties' submissions and applicable sealing law, the Court GRANTS both requests to seal.

**I.    LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto.*

*Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). District courts regularly apply the "compelling reasons" standard to requests to seal materials attached to briefing on class certification issues. *See, e.g.*, *Philips v. Ford Motor Co.*, No. 14-CV-02989, 2016 WL 7374214, at *2 (N.D. Cal. Dec. 20, 2016) (collecting cases); *McCurley v. Royal Seas Cruises, Inc.*, No. 17-cv-00986, 2018 WL 3629945, at *2 (S.D. Cal. July 31, 2018) ("A class certification motion 'generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action,' which require a district court to engage in a 'rigorous analysis' that 'entail[s] some overlap with the merits of the plaintiff's underlying claims.'") (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 352 (2011)).

In addition, the Local Rules of this Court require that all requests to seal be "narrowly tailored to seek sealing only of sealable material." Civ. L.R. 79-5(a). That is, the sealing motion must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## II. DISCUSSION

Plaintiff provisionally redacted portions of Exhibits 3 and 4 to her opposition to Defendants' motion to decertify the class, *see* ECF No. 193, and Defendants seek to maintain those redactions and to redact certain lines of their reply brief in support of the decertification motion, *see* ECF Nos. 196, 202. Exhibit 3 to Plaintiff's opposition brief is a September 2022 report of Allan Schwartz; Defendants seek to maintain under seal a single figure in Paragraph 73 of the report on the ground that it reflects internal financial information that if disclosed would give competitors an unfair advantage. *See* ECF No. 196, at 2. Exhibit 4 to the Plaintiff's

opposition brief is an October 2023 declaration from Mr. Schwartz containing additional financial information that Defendants seek to maintain under seal.  *See id.*  Defendants further seek to maintain under seal about six lines in their reply brief that they assert would disclose—to their competitive detriment—non-public, confidential financial and competitively sensitive information about GEICO's operations within the California.  *See* ECF No. 202; *see also* Decl. of Ronald M. Lepinskas ¶ 4, ECF No. 202-1.  Plaintiff does not oppose the sealing requests.

The Court has previously granted GEICO's request to maintain under seal the competitively sensitive financial information in Mr. Schwartz's September 2022 report and October 2023 declaration.  *See* Order 6, at Rows 8–9, ECF No. 204; *see also* Admin. Mot. Re Sealing 3, ECF No. 189.  The Court made its prior determination under the compelling reasons standard, *see* Order 2, and sees no reason to deviate from that ruling.  *See, e.g.*, *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-4810, 2020 WL 2838812, at *1 (N.D. Cal. June 1, 2020); *In re Elec. Arts, Inc.*, 298 F. App'x. 568, 569 (9th Cir. 2008) (finding compelling reasons for sealing "business information that might harm a litigant's competitive strategy," including confidential contract terms); *In re Google Location Hist. Litig.*, No. 5:18-cv-05062-EJD, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted).  The Court has also reviewed the six lines of GEICO's reply brief for which Defendants request sealing and finds that they likewise reflect sensitive financial information for which there exist compelling reasons to seal.  *See id.*  Further, the Court finds all of GEICO's sealing requests to be narrowly tailored—indeed, GEICO's current sealing request with respect to the October 2023 declaration of Mr. Schwartz is further narrowed than the prior sealing request of the document, which the Court also granted.  *See* Order 6.

The Court's rulings on the documents at issue are set forth in the table below.

| | Document | Portions Provisionally Sealed | Portions GEICO Requests be Maintained Under Seal | Court's Ruling | Reasoning |
|---|---|---|---|---|---|
| 1 | Ex. 3 to Declaration of Teresa M. Becvar in Support of Plaintiff's Opposition to Defendants' Motion to Decertify Class  ECF No. 194-4 | Portion of ¶ 73. | Portion of ¶ 73. | GRANTED. | Contains confidential financial information, disclosure of which would give GEICO's competitors an unfair advantage.  *See* also |
| 2 | Ex. 4 to Declaration of Teresa M. Becvar in Support of Plaintiff's Opposition to Defendants' Motion to Decertify Class  ECF No. 194-5 | All references to profit and loss figures (portions of ¶¶ 20–22). | Statements about Ward declaration (portions of ¶¶ 20–22). | GRANTED. | Contains confidential financial information, disclosure of which would give GEICO's competitors an unfair advantage. |
| 3 | Reply Brief in Support of Defendants' Motion to Decertify Class  ECF No. 201 | 5:1–2; 5:24–25; 6:7–8. | Entire document. | GRANTED. | Contains confidential information regarding GEICO's competitive business intelligence and strategy, disclosure of which would give GEICO's competitors an unfair advantage. |

**IT IS SO ORDERED.**

Dated: January 2, 2024

_____
Beth Labson Freeman
United States District Judge

4